IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LARRY JERONE GRADY, # 143344, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:11cv430-ID |
| ) | (WO) |
| KENNETH JONES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

The respondents have filed an answer (Doc. No. 8) in which they argue that the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Larry Jerone Grady ("Grady") is barred by the one-year limitation period applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1) (setting forth one-year limitation period). The respondents contend that because the state murder conviction Grady challenges became final in August 2006 – after the April 1996 enactment of the statute of limitations – Grady must have filed any federal habeas petition within one year of the conviction's becoming final, exclusive of the time any properly filed state post-conviction petition related to the conviction was pending in the state courts. The respondents acknowledge that Grady challenged his conviction by a post-conviction petition filed in the trial court pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. However, the respondents maintain that, even allowing a tolling of the limitation period during the pendency of state-court proceedings on Grady's Rule 32 petition, the one-year federal limitation period expired well

before Grady filed his habeas petition. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333 1335. n.4 (11th Cir. 2001). The respondents therefore maintain that Grady's habeas petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).

Title 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Exhibits submitted by the respondents indicate that Grady was convicted of murder in the Circuit Court of Lee County on December 14, 2005. As a result of his conviction,

Grady was sentenced to life in prison. On August 11, 2006, on direct appeal, Grady's conviction was affirmed by the Alabama Court of Criminal Appeals. That court issued a certificate of judgment in Grady's case on August 30, 2006.

Twelve days later, on September 11, 2006, Grady filed a Rule 32 petition in the trial court, challenging his murder conviction. The trial court denied the Rule 32 petition. Grady appealed, and on February 15, 2008, the Alabama Court of Criminal Appeals affirmed the trial court's judgment. The Alabama Court of Criminal Appeals issued a certificate of judgment on March 5, 2008.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Under the circumstances of this case, Grady had until March 5, 2009 – one year after the Alabama Court of Criminal Appeals' March 5, 2008, issuance of a certificate of judgment in the appeal of the denial of Grady's Rule 32 petition – to file a timely federal habeas corpus petition. However, Grady did not file his federal petition until June 3, 2011.

It therefore appears that the one-year limitation period contained in 28 U.S.C. § 2244(d)(1) expired well before Grady filed the instant petition. The respondents argue that, although Grady has asserted that the running of the limitation period in his case was subject to equitable tolling, Grady failed to diligently pursue his rights and has not demonstrated that extraordinary circumstances exist so as to warrant equitable tolling.

Accordingly, it is

**ORDERED that on or before August 4, 2011,** Grady shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1) and for the other reasons asserted by the respondents in their answer.

Done this 14th day of July, 2011.

                                        /s/Wallace Capel, Jr.
                                WALLACE CAPEL, JR.
                                UNITED STATES MAGISTRATE JUDGE