IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LARRY JERONE GRADY, # 143344, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 3:11cv430-WKW |
| | ) (WO) |
| KENNETH JONES, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The petitioner, a state inmate whose petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is pending before this court, has filed a self-styled "Motion for Emergency Protection Order," in which he requests that this court issue an order directing the respondents, or their agents, to "cease [and] desist from [the] order causing Petitioner to remove any documents from the facility [where he is incarcerated], and to take appropriate actions to protect Petitioner's documents until this Court decides this matter." Doc. No. 22 at 2. The court construes the instant motion (Doc. No. 22) to be a motion for a temporary restraining order ("TRO").

The four prerequisites that a movant must satisfy to be entitled to a TRO are as follows: (1) a substantial likelihood that the movant will ultimately prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the TRO issues; (3) proof that the threatened injury to the movant outweighs the damage the TRO may cause the opposing party; and (4) a showing that the TRO will serve the public interest. *Ingram v. Ault*, 50 F.3d

898, 900 (11th Cir. 1995). A TRO is a drastic remedy used primarily for maintaining the status quo of the parties. *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).

Upon review of the pleadings and motions filed in this case, the court concludes that the petitioner has failed to meet the four-prong test for obtaining a TRO. Specifically, the petitioner has not established a substantial likelihood that he will ultimately prevail on the merits or that he will suffer irreparable injury unless the TRO issues.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for a TRO (Doc. No. 22) be DENIED.

It is further

ORDERED that on or before **May 1, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 17th day of April, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE